**LAW OFFICE OF GARY M. HELLER**
150 Broadway, Suite 900
New York, New York 10038
(914) 563-6771 (cell), (646) 564-3697 (office)
gary.heller12@gmail.com

August 9, 2018

**VIA ELECTRONIC FILING**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Yiging Han, et al. v. Li Li and L&H Resort Systems, LP
         Case No. 1:18-cv-02318-MKB-RLM

Dear Judge Brodie:

    This firm represents defendants Li Li ("Li") and L&H Resort Systems, LP ("L&H")(collectively "defendants") in the above-referenced matter. I write this letter in accordance with Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference in connection with defendants' anticipated motion to dismiss the complaint in its entirety in accordance with Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

    In a nutshell, this action is nothing more than a knowingly frivolous repackaging under RICO of claims asserted by plaintiffs against Li and L&H in a long-pending action in the Supreme Court, New York County commenced on or about June 23, 2014.[1] Apparently, as a result of certain decisions in that Court which were not favorable to the plaintiffs, they now seek an alternative forum to assert their baseless claims. Although Han, Zhang and Pei have positioned themselves as the plaintiffs in both cases, it is Li and L&H who are the truly wronged parties.

    The RICO claims (Counts I and II) should be dismissed for three separate and independent reasons. <u>First</u>, according to the complaint, this action arises from misrepresentations allegedly made by defendant Li to induce the plaintiffs to purchase shares in a limited partnership, L&H Resort Systems, L.P., which was formed to purchase real property (a resort in Greene County). These allegations, however, appear to bespeak of a securities fraud action rather than one under RICO. As this Court is no doubt aware, RICO was amended in 1995 to remove securities fraud as a predicate act in civil actions. *See* 18 U.S.C. §1964(c)[2]; *MLSMK Investment Co. v. JP Morgan Chase & Co.,* 651 F.3d 268, 273-74 (2d Cir. 2011). The sale of a limited partnership interest is typically a security under federal securities law. *See, e.g., Keith v. Lighthouse Securities, Ltd.,* 1997 WL 380430 at *1 (D. Conn. 1997). Moreover, the

---

[1]  A copy of the initial complaint in that action, captioned <u>Zhongyi Pei and Yiyan Han v. L&H Resort Systems, LP, Li Li and Yiqing Han</u>, Index No. 651909/14 (the "State Court Action"), is annexed hereto as <u>Exhibit A</u>. Li and L&H's answer and counterclaims are annexed as <u>Exhibit B</u>. The most recent amended complaint is annexed hereto as <u>Exhibit C</u>. Although plaintiff Yiqing Han has been a defendant in the State Court Action, there is apparently a pending motion by which Han would join Yiyan Zhang and Zhongyi Pei as plaintiffs in that action to align with his position in this case.

[2]  "No person may rely on any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of §1962."

complaint cannot evade the restriction by recasting the claim as mail or wire fraud, as is done here. *MLSMK,* 651 F.3d at 273-74.  The Courts have construed this strictly against RICO plaintiffs.  *See, e.g., Picard v. Kohn,* 907 F. Supp. 2d 392, 399 (S.D.N.Y. 2012)(dismissing claim on this basis).  It is also important to note that, even if plaintiffs had asserted a claim for securities fraud, which also would lack merit, it would be time barred because it was not brought within two (2) years after discovery of the purported violation or within five (5) years after such purported violation.  *See* 28 U.S.C. §1658(b)(1).

Second, the RICO claims are barred by the applicable statute of limitations, which, in civil RICO claims, is four years.  *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 156 (1987).  The statute of limitations begins running when the injury occurs, and not at the time of discovery of the other elements of the claim, such as when the alleged pattern is discovered.  *See Rotella v. Wood*, 528 U.S. 549, 555 (2000); *Rosenshein v. Kushner*, No. 15CV7397 DLC, 2016 WL 4508756, at *4 (S.D.N.Y. Aug. 26, 2016), *aff'd sub nom., Rosenshein v. Meshel,* 688 F. App'x 60 (2d Cir. 2017)("A RICO claim accrues when a plaintiff discovers, or through reasonable inquiry should have discovered, his injury, and does not await discovery of the pattern of racketeering activity…A plaintiff is on inquiry notice of his injury when there are sufficient "storm warnings" such that "the circumstances would suggest to an investor of ordinary intelligence the probability that [he or] she has been defrauded").

Here, according to the complaint, the purported wrongdoing that allegedly injured plaintiffs occurred in 2011 (*See, e.g.,* ¶¶18, 33-36), which means that the statute of limitations expired in 2015.  Respecting the subsequent "money laundering" allegedly carried out by defendants, there is no claim or proof that such purported activities (which defendants deny) injured plaintiffs.  Thus, those alleged acts of racketeering would not extend the statute of limitations.  *See Rosenshein*, 2016 WL 4508756, at *4 (alleged injuries all stemmed from losses incurred from plaintiff's investments in eleven loans; RICO injuries, if any, were therefore sustained at the time plaintiff entered into those loans).

Moreover, while plaintiffs do not say so explicitly, they allude to having not discovered the purported "racketeering" until sometime later, though they are coy about when this was.  This is for good reason because, in reviewing the initial pleadings in the State Court Action, it is readily apparent that, whatever the claimed "racketeering," fraud or other wrongdoing was, they learned of it more than four years prior to the filing of this action.  *See* Exhibit A, ¶¶ 24, 25.  Even assuming *arguendo* that plaintiffs seek tolling of their fabricated claims,[3] it would be of no moment given that, by their own prior state court pleadings, plaintiffs were clearly on notice by January 22, 2014, and certainly not later than April 15, 2014 (i.e., more than four years prior to the commencement of this action).

Third, a "pattern" of racketeering -- a necessary element for any §1962(c) claim -- is not properly pled (because the requisite facts do not exist).  *See, e.g., GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995)("The plaintiff must plead at least two predicate acts…and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity.").  Accordingly, a RICO plaintiff "must allege either an 'open-ended' pattern of racketeering activity (*i.e.,*

---

[3] Plaintiffs should not be given any benefit of the doubt.  In order to rely on such tolling, the plaintiff has the burden specifically to plead it and to show diligence.  *See, e.g., Solow v. Stone*, 994 F. Supp. 173, 182 (S.D.N.Y.), *aff'd,* 163 F.3d 151 (2d Cir. 1998); *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 529 (S.D.N.Y. 2007), *aff'd,* 328 F. App'x 695 (2d Cir. 2009).  Plaintiffs have not done so.  In any event, as discussed above, any tolling would have ceased by April 15, 2014, at the latest.  Moreover, the actual "storm warnings" triggering the running of the statute of limitations would have occurred well before January 22, 2014.  *See* Exhibit A, ¶44 ("In fact, Plaintiffs would renew their requests for the records at each of the four annual meetings they had from 2011 through 2014, but Li rebuffed all their requests."); *See also Jakks Pac.*, 5328 F.Ed. Appx. at 697 ("The RICO statute of limitations…runs…so long as there were 'storm warnings' that should have prompted an inquiry").

past criminal conduct coupled with a threat of future criminal conduct) or a 'closed-ended' pattern of racketeering activity (*i.e.*, past criminal conduct "extending over a substantial period of time")." *Id.* at 466. Here, the complaint attempts to describe a "closed-ended pattern." *See* ¶10 ("From in or about March 2011, and through June 2016, the Defendants… did unlawfully… conduct and participate, directly… in the conduct of the enterprise through a pattern of racketeering activity…").

There is no closed-ended pattern because the complaint describes, in essence, a single scheme, involving a single property, perpetrated against only themselves (*i.e.*, a single set of victims). Courts routinely dismiss such claims as failing properly to allege a pattern. *See, e.g.*, *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 413–14 (S.D.N.Y. 2013)(citations omitted):

> [C]ourts … have held repeatedly that allegations of RICO violations involving solely mail and wire fraud…a limited number of participants or victims, a discrete scheme with a narrow purpose or a single property…are generally insufficient to demonstrate closed-ended continuity.
> …
> [T]he Amended Complaint alleges, at most, schemes aimed to defraud two sets of three or fewer victims each…Although Plaintiffs package these schemes as entailing over 10 instances of wire and mail fraud, these allegations…reduce to claims of several instances in which watches were sold on false or misleading pretenses. Such allegations do not come close to… meet[ing] the pattern requirement. Nor does adding onto these schemes the thinly alleged claim that Defendants laundered the money received…or the claim that Defendants sought to quell the same victims from pursuing lawful avenues of relief.

*See also Gross v. Waywell*, 628 F. Supp. 2d 475, 494-96 (S.D.N.Y. 2009)(finding that closed pattern did not exist for a single scheme, involving a single goal, despite over 100 instances of mail/wire fraud lasting over four years); *Dempsey v. Sanders*, 132 F. Supp. 2d 222, 228-29 (S.D.N.Y. 2001)("This scheme, as painted by Plaintiff's allegations, is…a classic example of a single-victim, single-defendant fraud dressed up to resemble a multi-faceted RICO claim"). The same result should obtain here. Counts I and II of the complaint should be dismissed. *See also Leung v. Law*, 387 F. Supp. 2d 105, 125 (E.D.N.Y. 2005); *SMS Mktg. & Telecomm., Inc. v. H.G. Telecom, Inc.*, 949 F. Supp. 134, 144 (E.D.N.Y. 1996).

Finally, this action should be dismissed based on the prior pendency of the State Court Action, which is between identical parties; grounded in the same facts, acts, occurrences, and transaction; and seeks virtually identical damages. Certainly, there is no basis for this Court to adjudicate the state law claims for conversion and fraud (Count III and Count IV), the latter of which has been alleged in the State Court Action (and twice dismissed without prejudice).

Truth be told, plaintiffs are wrongfully using RICO to strong-arm defendants into an inequitable settlement of the State Court Action. Such activities should not be countenanced. At minimum, if this Court does not dismiss based on the substantive grounds described herein or based on the prior pending action (*See Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F.Supp. 2d 221, 224 (E.D.N.Y. 2010), it is respectfully submitted that this action should be stayed until there has been a final adjudication of the State Court Action on the merits, which likely would render moot this action.

For the foregoing reasons, it is respectfully requested that this Court schedule a pre-motion conference in advance of defendants' motion to dismiss as described herein.

Respectfully submitted,

/s/ Gary M. Heller
Gary M. Heller
